**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SUSAN LUDWIG, SHEILA CARRASQUILLO, and NANCY DE BLOCK, individually and on behalf of a collective of others similarly-situated,<br><br>Plaintiffs,<br><br>-against-<br><br>SPEEDWAY LLC,<br><br>Defendant. | Case No.: ____________________<br><br>INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT<br><br>**JURY TRIAL DEMANDED**<br><br>*Electronically Filed* |

**COMPLAINT – INDIVIDUAL AND COLLECTIVE ACTION**

Plaintiffs Susan Ludwig, Sheila Carrasquillo, and Nancy De Block (together as "Plaintiffs"), in their individual capacities, and on behalf of a proposed collective of similarly-situated female employees, bring this action to address gender discrimination in employee pay practices perpetrated by Defendant Speedway LLC ("Speedway") in violation of the Equal Pay Act of 1963 ("Equal Pay Act"), 29 U.S.C. § 206, *et seq*. Based on their personal knowledge with regards to Plaintiffs and Plaintiffs' actions, and on information and belief as to all other matters, Plaintiffs allege as follows:

**THE PARTIES**

***Plaintiffs***

1. Plaintiff Susan Ludwig ("Ms. Ludwig") is an adult female residing in Philadelphia, Pennsylvania. From approximately March 2015 until January 2018, Ms. Ludwig was an employee of Speedway, as defined by the Equal Pay Act. From approximately March 2015 until January 2018, Ms. Ludwig was a General Manager. As a salaried General Manager, Ms. Ludwig was consistently and systematically paid less than her male counterparts for the same work. Ms.

Ludwig executed a Consent to Join form pursuant to 29 U.S.C § 216(b), which is attached and incorporated as **Exhibit A**.

2. Plaintiff Sheila Carrasquillo ("Ms. Carrasquillo") is an adult female residing in Philadelphia, Pennsylvania. From approximately March 2018 until February 2019, Ms. Carrasquillo was an employee of Speedway, as defined by the Equal Pay Act. From approximately June 2018 until February 2019, Ms. Carrasquillo was a salaried General Manager. As a salaried General Manager, Ms. Carrasquillo was consistently and systematically paid less than her male counterparts for the same work. Ms. Carrasquillo executed a Consent to Join form pursuant to 29 U.S.C § 216(b), which is attached and incorporated as **Exhibit B**.

3. Plaintiff Nancy De Block ("Ms. De Block") is an adult female residing in Glenwood, New Jersey. From approximately 2014 until July 2017, Ms. De Block was an employee of Speedway, as defined by the Equal Pay Act. From approximately 2014 until July 2017, Ms. De Block was a salaried General Manager. As a salaried General Manager, Ms. De Block was consistently and systematically paid less than her male counterparts for the same work. Ms. De Block executed a Consent to Join form pursuant to 29 U.S.C § 216(b), which is attached and incorporated as **Exhibit C**.

***Defendant***

4. Defendant Speedway LLC ("Speedway") is Delaware limited liability company, with its principal place of business in 539 South Main Street, Findlay, Ohio 45840-3229. Upon information and belief, Speedway LLC is a wholly-owned subsidiary of Marathon Petroleum Corporation. Speedway LLC operates the second largest chain of company-owned and operated

retail gasoline and convenience stores in the United States, with approximately 3,900 convenience stores in 36 states throughout the Midwest, East Coast and Southeast.[1]

5. At all times relevant to this action, Speedway was an employer as defined by the Equal Pay Act. At all times relevant to this action, Defendant Speedway acted as Plaintiffs' employer.

6. At all times relevant herein, Defendant has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

7. At all times relevant herein, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

8. At all times relevant herein, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Further, Speedway has had (and has) a gross volume of sales, made or done business in an amount of at least $500,000.00.

9. Plaintiffs assert Count I of this Complaint, on behalf of themselves individually and a FLSA Collective of similarly-situated female employees, for violations of the Equal Pay Act. Plaintiffs seek to recover damages for the FLSA Collective and themselves, including, but not limited to, back pay, liquidated damages, reasonable attorneys' fees, and litigation costs.

---

[1] https://www.speedway.com/About/

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over this suit pursuant to the Equal Pay Act of 1963, 29 U.S.C. § 206, *et seq*.and 28 U.S.C. § 1331.

11. Venue is proper in this District pursuant to 28 U.S.C § 1391(b). The unlawful employment practices complained of *infra* took place within this District and a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District. Further, Speedway regularly transacts substantial business within this District.

12. Upon information and belief, Defendant regularly conducts business in this district.

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**FACTUAL ALLEGATIONS**

14. Within Speedway's convenience stores, Speedway maintains strict, centralized control over its employees, which includes hiring and wage decisions. In order to maintain this control, Speedway has a rigid top down, hierarchical corporate structure.

15. General Managers working in Speedway's convenience stores report directly to a District Manager.

16. Upon information and belief, Speedway's District Managers report to its Regional Managers.

17. Speedway's District Managers, in conjunction with Speedway's executive leadership, execute a top down wage policy, which consistently, systematically, and willfully pays female salaried General Managers less than their male colleagues, that work in the same position, and perform the same work.

18. Speedway's deliberate gender discrimination against women manifests itself in the pay rate of salaried General Managers throughout Speedway's convenience stores.

19. The wage disparity between female and male salaried General Managers within Speedway's convenience stores is based solely on gender.

**PLAINTIFF LUDWIG'S EXPERIENCE AS A SPEEDWAY EMPLOYEE**

20. Ms. Ludwig first worked at a Speedway in 2014.

21. Between her date of hire and termination in 2018, Ms. Ludwig worked at Speedway locations in Richboro, Pennsylvania and Philadelphia, Pennsylvania as well as other locations in Pennsylvania.

22. Ms. Ludwig's last position within Speedway was as a salaried General Manager from approximately March 2015 until she left on or about January 2018.

23. When Ms. Ludwig was hired at approximately $32,000 per year and when she left her salary was approximately 35,000.00 per year.

24. Ms. Ludwig was aware that at the time she was hired her starting salary was less than males who were being hired from outside Speedway, as the males had starting salaries of even $5,000.00 more than Ms. Ludwig.

25. Ms. Ludwig was also aware that she was training the incoming male General Managers, and while she had been with the company and experienced enough in the position to train the incoming managers, the incoming male managers were being hired at salaries higher than hers.

26. Ms. Ludwig was an exemplary employee for Speedway who was consistently and willfully paid less than her male colleagues with the same title performing the same job responsibilities. Speedway had no basis, other than gender, to pay Ms. Ludwig less than her male colleagues. Speedway's actions were deliberate and willful violations of the Equal Pay Act.

**PLAINTIFF CARRASQUILLO'S EXPERIENCE AS A SPEEDWAY EMPLOYEE**

27. Ms. Carrasquillo first worked at a Speedway in 2018.

28. From approximately March 2018 until the date she was terminated in February 2019, Ms. Carrasquillo worked at Speedway as a General Manger. Ms. Carrasquillo worked in both Willow Grove, and Philadelphia, Pennsylvania Speedway stores.

29. Ms. Carrasquillo's last position within Speedway was as a salaried General Manager when her employment was terminated in or about February 2019.

30. When Ms. Carrasquillo was hired as a General Manager, her salary was approximately $37,000 per year.

31. Ms. Carrasquillo was aware that at the time she was hired her starting salary was less than males who were being hired from outside Speedway, as the males had starting salaries of over $40,000.00, which was more than Ms. Carrasquillo.

32. Ms. Carrasquillo was also aware that she was training the incoming male General Managers, and while she had been with the company and experienced enough in the position to train the incoming managers, and that she had a bigger store then the incoming male managers, the incoming male managers, being hired for smaller stores and being trained by Ms. Carrasquillo, were being hired at salaries higher then hers.

33. Ms. Carrasquillo was a good employee for Speedway who was consistently and willfully paid less than her male colleagues with the same title performing the same job responsibilities. Speedway had no basis, other than gender, to pay Ms. Carrasquillo less than her male colleagues. Speedway's actions were deliberate and willful violations of the Equal Pay Act.

**PLAINTIFF DE BLOCK'S EXPERIENCE AS A SPEEDWAY EMPLOYEE**

34. Ms. De Block first worked at a Speedway in approximately 2014, when the location she was working at changed ownership from a Hess convenience store where she had been employed to a Speedway store.

35. Between her date of hire and termination in July 2017, Ms. De Block worked at tge Speedway location in Franklin, New Jersey. Ms. De Block also occasionally worked in other locations such as Butler New Jersey, as well.

36. Ms. De Block's last position within Speedway was as a salaried General Manager from 2014 until she left on or about July, 2017.

37. When Ms. De Block was working as a General Manager for Speedway her salary was approximately $35,000 per year.

38. Ms. De Block was aware that at the time she was working for Speedway her salary was less than males who were working at Speedway as General Managers, and who were earning $10,000.00 to $15,000.00 more. Ms. De Block knew this as the result of seeing a list of General Managers salaries.

39. Ms. De Block was a long term employee for Speedway who was consistently and willfully paid less than her male colleagues with the same title performing the same job responsibilities. Speedway had no basis, other than gender, to pay Ms. De Block less than her male colleagues. Speedway's actions were deliberate and willful violations of the Equal Pay Act.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE EQUAL PAY ACT**

40. Speedway has engaged in systemic gender discrimination against its female employees. Speedway has caused, contributed to, and perpetuated gender-based pay disparities through common policies, practices, and procedures, including but not limited to common compensation and centralized decision-making.

41. Plaintiffs re-allege and incorporate by reference each and every allegation in the previous paragraphs alleging common policies, practices, and procedures resulting in unequal pay earned by female employees in Speedway's convenience stores.

42. Plaintiffs bring this claim for violations of the Equal Pay Act as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all members of the FLSA Collective. The FLSA Collective is defined as follows:

> All female employees who are or have been employed by Defendant Speedway LLC. as salaried General Managers from three (3) years prior to the filing date of this Complaint up until judgment is entered in this action.

43. Plaintiffs seek to represent all female General Managers, as described above, who were paid less than male employees for doing similar work. The systemic gender discrimination described in this Complaint has been, and is, continuing in nature.

44. Questions of law and fact common to the FLSA Collective and Plaintiffs include but are not limited to the following:

a. Whether Speedway unlawfully failed and continues to unlawfully fail to compensate female General Managers at a level commensurate with comparable male employees;

b. Whether Speedway's policy, practice, or procedure of failing to compensate female General Managers at a level commensurate with comparable male employees violates the applicable provisions of the Equal Pay Act; and

c. Whether Speedway's failure to compensate female General Managers at a level commensurate with comparable male employees was willful within the meaning of the Equal Pay Act.

45. Plaintiff's Equal Pay Act claim may be maintained as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) because Plaintiffs are similarly-situated to the female employees described in the FLSA Collective. Plaintiffs' claims are similar to the claims asserted by the FLSA Collective.

46. Plaintiffs and the FLSA Collective are (a) similarly situated; and (b) are subject to Speedway's common compensation policies, practices and procedures and centralized decision-making resulting in unequal pay based on sex by failing to compensate female General Managers at a level commensurate with male employees who perform substantially equal work and/or hold equivalent levels, job titles, and positions.

**COUNT I**
**(INDIVIDUAL AND COLLECTIVE ACTION CLAIM)**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED BY THE EQUAL PAY ACT OF 1963 ("EQUAL PAY ACT"), 29 U.S.C. § 206, *ET SEQ*. DENIAL OF EQUAL PAY FOR EQUAL WORK**
**(Asserted by Plaintiffs and the Collective Action Members)**

47. Plaintiffs re-allege and incorporate by reference each and every allegation in the previous paragraphs as though fully set forth herein.

48. This Count is brought on behalf of Plaintiffs and all members of the FLSA Collective against Defendant Speedway LLC.

49. Speedway is an employer of Plaintiffs and the members of the FLSA Collective within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 206, *et seq*., as amended by the Equal Pay Act.

50. Speedway has discriminated against Plaintiffs and the members of the FLSA Collective by paying them less than similarly-situated male employees who performed jobs which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

51. Defendant discriminated against Plaintiffs and the members of the FLSA Collective by subjecting them to common discriminatory pay and performance management policies, including discriminatory salaries in violation of the Equal Pay Act.

52. The differential in pay between Plaintiffs and the members of the FLSA Collective and similarly-situated male employees was not due to seniority, merit, quantity or quality of production, or a factor other than sex, but was, in fact, due exclusively to sex.

53. Speedway caused, attempted to cause, contributed to, and caused the continuation of wage rate discrimination based on sex in violation of the Equal Pay Act.

54. Speedway intentionally paid Plaintiffs and the members of the FLSA Collective less than similarly-situated male employees in violation of the Equal Pay Act. The foregoing conduct constitutes a willful violation of the Equal Pay Act within the meaning of 29 U.S.C. § 255(a). Because Speedway has willfully violated the Equal Pay Act, a three (3) year statute of limitations applies to such violations pursuant 29 U.S.C. § 255(a).

55. As a result of Speedway's unlawful conduct, Plaintiffs as well as the members of the FLSA Collective suffered and will continue to suffer harm, including, but not limited to, lost earning, lost benefits, lost future employment opportunities, and other financial losses, as well non-economic damages.

56. Plaintiffs and the FLSA Collective are entitled to all legal and equitable remedies available for violations of the Equal Pay Act, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF ON COUNT I**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective, prays that this Court:

A. Designate this action as a collective action on behalf of the proposed FLSA Collective and

1. Promptly issue notice pursuant to 29 U.S.C § 216(b) to all similarly-situated members of the FLSA Collective, which (1) apprises them of the pendency of this

action, and (2) permits them to assert timely Equal Pay Act claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and

2. Equitable Tolling of the statute of limitations on the claims of all members of the FLSA Collective from the date the original complaint was filed until the members of the FLSA Collective are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt-in as Plaintiffs;

B. Designate Plaintiffs' chosen counsel as counsel for the FLSA Collective;

C. An injunction requiring Defendant to cease its unlawful practices;

D. Declare and adjudge that Speedway's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the Equal Pay Act;

E. Award back pay to Plaintiffs and the members of the FLSA Collective, including a sum to compensate Plaintiffs and the members of the FLSA Collective for any increased tax liability on a lump-sum award of back pay;

F. Award liquidated damages to Plaintiffs and the members of the FLSA Collective in the maximum amount available under the Equal Pay Act;

G. Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Plaintiffs and the members of the FLSA Collective;

H. Award Plaintiffs and the members of the FLSA Collective pre-judgment and post-judgment interest available under the Equal Pay Act;

I. Award Plaintiffs and the members of the FLSA Collective any other appropriate equitable relief; and

J. Award any additional relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated: February 10, 2020

Respectfully submitted,

By: ______________________________

Larry A. Weisberg (PA BAR ID 83410)
Derrek W. Cummings (PA BAR ID 83286)
**WEISBERG CUMMINGS, P.C.**
2704 Commerce Drive, Suite B
Harrisburg, PA 17110
Telephone: (717) 238-5707
Facsimile: (717) 233-8133
Email: lweisberg@weisbergcummings.com
dcummings@weisbergcummings.com

Marc S. Hepworth*
E-mail: mhepworth@hgrlawyers.com
Charles Gershbaum*
E-mail: cgershbaum@hgrlawyers.com
David A. Roth*
E-mail: droth@hgrlawyers.com
Rebecca S. Predovan*
E-mail: rpredovan@hgrlawyers.com
**HEPWORTH, GERSHBAUM & ROTH, PLLC**
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801

* will seek *pro-hac vice* admission

EXHIBIT "A"

**CONSENT TO BECOME A PARTY PLAINTIFF**

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), Speedway & Country Stores, Inc., and/or related entities and individuals brought under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq., including under 29 U.S.C. § 216(b), in order to seek redress for violations of the Equal Pay Act, 29 U.S.C. § 206(d).

2. I hereby designate the Hepworth, Gershbaum & Roth, PLLC to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

Susan Ludwig

Signature

Susan Ludwig

Printed Name

EXHIBIT "B"

**CONSENT TO BECOME A PARTY PLAINTIFF**

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), Speedway & Country Stores, Inc., and/or related entities and individuals brought under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq., including under 29 U.S.C. § 216(b), in order to seek redress for violations of the Equal Pay Act, 29 U.S.C. § 206(d).

2. I hereby designate the Hepworth, Gershbaum & Roth, PLLC to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

__________________________
Signature

Sheila Carrasquillo
Printed Name

EXHIBIT "C"

**CONSENT TO BECOME A PARTY PLAINTIFF**

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), Speedway & Country Stores, Inc., and/or related entities and individuals brought under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq., including under 29 U.S.C. § 216(b), in order to seek redress for violations of the Equal Pay Act, 29 U.S.C. § 206(d).

2. I hereby designate the Hepworth, Gershbaum & Roth, PLLC to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

Nancy DeBlock

Signature

Nancy De Block

Printed Name