IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN LUDWIG, *et al.* | : |
| | : |
| v. | : CIVIL ACTION NO. 20-0824 |
| | : |
| SPEEDWAY LLC | : |

McHUGH, J.  June 2, 2021

**<u>MEMORANDUM</u>**

This is a putative class action under the Equal Pay Act of 1963 ("Equal Pay Act"), 29 U.S.C. § 206, et seq. Susan Ludwig, Sheila Carrasquillo, and Nancy De Block, allege, on behalf of a class, that Defendant Speedway LLC engaged in pay discrimination. Defendant has moved to dismiss two of the three named Plaintiffs—Ludwig and Carrasquillo—for failure to prosecute under Federal Rule of Civil Procedure 41(b). ECF 34. Plaintiffs' counsel has filed a cross-motion to withdraw from representation of those Plaintiffs for failure to cooperate with counsel. ECF 37. For the reasons that follow, both motions will be granted.

**I. RELEVANT FACTS AND PROCEDURAL HISTORY**

In February 2020, Plaintiffs Ludwig and Carrasquillo, along with Plaintiff De Block, filed claims against Defendant Speedway under the Equal Pay Act. Compl., ECF 1. They are represented by Hepworth, Gershbaum & Roth, PLLC, together with co-counsel Weisberg Cummings P.C. (collectively referred to as "Plaintiffs' Counsel").

In May of 2020, the Court issued its first scheduling Order, requiring the completion of fact discovery and the filing of dispositive motions relating to conditional class certification by September 3, 2020, and October 1, 2020, respectively. ECF 24. Since then, this Court has been asked repeatedly to push deadlines relating to this preliminary discovery timeline. For example,

1

in September of 2020, the Court granted a joint request for an extension of that schedule, in which the parties cited both the need to take further discovery and the additional time it would take to arrange for remote depositions. ECF 27-28. The Court again granted requests for extensions of those deadlines in December of 2020 and January of 2021. ECF 29, 31, 32. On March 30, 2021, the Court granted a joint request for an extension due to "the non-responsiveness of two of the three named plaintiffs, who ha[d] not made themselves available for deposition by Defendant to date." ECF 33. At that point, the Court had moved the deadline for fact discovery relating to conditional class certification to April 29, 2021, approximately eight months after it was supposed to have been completed.

A. <u>Motion to Dismiss under Rule 41(b) for Failure to Prosecute</u>

On April 19, 2021, in advance of the deadline for the completion of fact discovery, Defendant filed a motion to dismiss Ludwig and Carrasquillo, the two unresponsive Plaintiffs, under Fed. R. Civ. P. 41(b). Mot. Dismiss, ECF 34. In support of the motion, Defendant cites Carrasquillo's complete failure to respond to any of the discovery directed to her, and Ludwig's production of a single document in response to twenty requests for production of documents. *Id.* at 2. Defendant also cites the failure of both Ludwig and Carrasquillo to make themselves available for depositions over a period of approximately six months—from November 2020 through April 2021. *Id.* at 2-3. The record reflects that Ludwig and Carrasquillo were both non-responsive to requests from their own attorneys during that time.[1] *Id.* On April 6 and 7, 2021, after Defendant was unable to schedule Plaintiffs' depositions with Plaintiffs' counsel, it formally noticed Ludwig and Carrasquillo for depositions under Fed. R. Civ. P. 30(b). *Id.* It subsequently

---

[1] After Defendant sent initial notices to take the depositions of both Ludwig and Carrasquillo in May of 2020, the parties jointly focused on written discovery for several months, seemingly as a result of the COVID-19 pandemic. *Id.* at 2. They returned to the process of attempting to schedule depositions in November 2020. *Id.*

2

withdrew such notices at the request of Plaintiffs' counsel, who continued to be unable to reach their own clients and therefore deemed the endeavor to be a waste of resources. *Id.*

    A. <u>Motion to Withdraw as Counsel</u>

Plaintiffs' counsel responds to the motion to dismiss without contesting these facts,[2] and instead seeks leave to withdraw on behalf of Ludwig and Carrasquillo. Pls.' Resp. and Cross Mot. Withdraw, ECF 37. According to counsel, there has been no communication from Carrasquillo since at least June of 2020—one year ago—, nor communication from Ludwig since December of 2020—approximately six months ago. *See* Decl. Rebecca C. Predovan 2-3, ECF 38. Ludwig and Carrasquillo have both failed to respond to their attorneys' many attempts to contact them to prepare responses to requests for production of documents, interrogatories, and to schedule depositions. *Id.* at 2. Counsel tried to contact them using various methods, including telephone calls and voicemails, letters, e-mails, and text messages. *Id.* None of the e-mails and letters were returned as undeliverable. *Id.* at 3. On May 11, 2021, Plaintiffs' counsel sent letters to both Ludwig and Carrasquillo explaining that it would seek leave to withdraw if they did not respond. *Id.* at 3-4. It has yet to receive a response. *Id.*

**II.    DISCUSSION**

Both motions presently before me relate to the unresponsive Plaintiffs, Ludwig and Carrasquillo. I will first address the motion to withdraw filed by Plaintiffs' counsel, and then Defendant's motion to dismiss under Fed. R. Civ. P. 41(b).

---

[2] According to Plaintiffs' counsel, it "cannot make a meaningful response in opposition," given that Ludwig and Carrasquillo have "ceased communicating." ECF 37 at 1.

3

B. Motion to Withdraw as Counsel

It is within the Court's discretion to permit Plaintiffs' counsel to withdraw pursuant to Local Rule 5.1(c), which requires leave of court whenever an attorney seeks to do so without another attorney entering an appearance in its place. I am guided in this analysis by Pennsylvania Rule of Professional Conduct 1.16(B),[3] which provides, in relevant part, that a lawyer may withdraw from representing a client under the following circumstances:

> (5) the client fails to substantially fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

Pa. Rule of Prof'l Conduct R. 1.16(B) (2021). Moreover, in determining whether to permit counsel to withdraw, district courts in the Third Circuit often weigh the following factors: "(1) the reason for which withdrawal is sought; (2) whether withdrawal will prejudice the parties; (3) whether withdrawal will interfere with the administration of justice; and (4) the degree to which withdrawal will delay the action." *Velez v. Walczak*, No. 2:19-CV-02915-JDW, 2020 WL 4001047, at *1 (E.D. Pa. July 15, 2020) (citing *Taylor v. Stewart*, 20 F.Supp.2d 882, 883 (E.D. Pa. 1998)).

Here I find that Plaintiffs Ludwig and Carrasquillo have rendered representation unreasonably difficult, and that good cause exists to permit counsel to withdraw. Pa. Rule of Prof'l Conduct R. 1.16(B)(6-7); *Wenneker Distilleries v. Olifant USA, Inc.*, No. 1:11-CV-01010, 2013 WL 1337338, at *1 (M.D. Pa. Apr. 1, 2013) (finding "good cause" requirement in Rule 1.16(B)(6) satisfied where litigant "'effectively abandoned its counsel's representation' by repeatedly failing

---

[3] Local Rule IV provides that "[t]he Rules of Professional Conduct adopted by this court are the Rules of Professional Conduct adopted by the Supreme Court of Pennsylvania."

to respond to counsel's communications, including warnings that counsel would withdraw"). Moreover, counsel provided a reasonable warning on May 11, 2021 that they would withdraw if Plaintiffs continued to be unresponsive. *See* Pa. Rule of Prof'l Conduct R. 1.16(B)(5). Plaintiffs' counsel previously made numerous attempts to contact its clients over an extended period of time—from six months to a year—without any response. *See* Decl. Rebecca C. Predovan 2-4. Permitting withdrawal will serve the administration of justice and avoid further delays in this case, which has thus far been prolonged repeatedly due to Ludwig and Carrasquillo's inaction. *See Ruffin v. Avis Budget Car Rental, LLC*, No. CIV.A. 11-1069 SDW (D.N.J. Jan. 12, 2015) (allowing counsel to withdraw from representation of unresponsive named plaintiffs in FLSA collective action lawsuit). The prospective class will not be prejudiced, as counsel is prepared to proceed with the third named Plaintiff, who has cooperated with discovery. Nor will the dismissed parties be prejudiced without counsel, as the dismissal will be without prejudice under Rule 41(b), and it remains possible that they might be eligible to participate if a class is certified.

  C. Motion to Dismiss under Rule 41(b) for Failure to Prosecute

Civil Rule 41(b) states, in relevant part that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss . . . any claim against it." Fed. R. Civ. P. 41(b). In this circuit, a Court's decision to dismiss an action under Rule 41(b) is governed by the following factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984):

> (1) the extent of the *party*'s personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery;
> (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Id.* at 868.

5

It is apparent that Plaintiffs Ludwig and Carrasquillo have not prosecuted this action, having failed to cooperate with their attorneys in responding to Defendant's requests for production of documents, *see* Fed. R. Civ. P. 34(b),[4] in scheduling depositions, and in responding to this motion to dismiss. *See* Decl. Rebecca C. Predovan 2-4. Having considered the *Poulis* factors, I will grant the motion as unopposed under the Court's Local Rule 7.1(c) and will dismiss the claims of the unresponsive Plaintiffs under Rule 41(b), albeit without prejudice. *See* 747 F.2d at 868.

First, the declaration of Plaintiffs' counsel accompanying its motion to withdraw, which describes numerous unsuccessful attempts to contact both Ludwig and Carrasquillo through various means, makes it clear that they are responsible for failing to participate in this litigation. *See* Decl. Rebecca C. Predovan 2-4. Second, with the passage of time, Defendant is prejudiced insofar as facts, which occurred as far back as 2014, *see* Compl. 3, become harder to establish, and litigation costs continued to be incurred. To reiterate, the Complaint was filed in February 2020, and if the unresponsive Plaintiffs are allowed to remain in the case, fact discovery for the preliminary purpose of conditional class certification will still not have been completed by the deadline set in the Court's most recent Order. *See* 3/30/21 Order. Third, the Plaintiffs have been unresponsive for at least six months, despite numerous Orders from the Court granting extensions of discovery deadlines. ECF 27-28, 29, 31, 33. Fourth, they have acted willfully in the sense that they are the parties in control of this lawsuit. They are the parties who brought the case and for all practical purposes abandoned it. Fifth, as to alternative sanctions, attorneys' fees and cost are neither appropriate nor likely to be effective in a case involving comparatively low wage employees serving in a representative capacity. And resort

---

[4] Both an incomplete response and a failure to respond are treated the same under Rule 37. *See* Fed. R. Civ. P. 37(a)(4).

to alternative sanctions would only prolong the delay, which is not appropriate at this juncture given that deadlines have already been extended specifically because of the unresponsiveness of Plaintiffs Ludwig and Carrasquillo. *See* 3/30/21 Order. Finally, as to the merits of the claim, there is no record before me upon which to make an assessment, but as noted above, the case will continue as Plaintiff De Block will proceed with her claims on behalf of the putative class.

The dismissal is without prejudice, because I recognize that serving as a class representative can be intimidating to some plaintiffs, and because it is hard to determine the degree to which challenges presented by the pandemic might have played some role. If this action is successful, and Ms. Ludwig and Carrasquillo are eligible to participate, total dismissal of their claims is too harsh a sanction.

### III. CONCLUSION

Given this history, counsel for Plaintiffs Ludwig and Carrasquillo is permitted to withdraw from representing them, and their dismissal is warranted. An appropriate order follows.

    /s/ Gerald Austin McHugh
United States District Judge