IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY DE BLOCK, individually and on behalf of a collective of others similarly-situated, <br><br> Plaintiffs, <br><br> -against- <br><br> SPEEDWAY LLC, <br><br> Defendant. | Case No.: 2:20-cv-00824-GAM <br> (JUDGE MCHUGH) <br> [ELECTRONICALLY FILED] |

**PLAINTIFFS' MOTION FOR
NOTICE TO COLLECTIVE ACTION**

1. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and its enforcement provision, 29 U.S.C § 216(b), Plaintiff, Nancy De Block together with all Opt-ins (collectively, "Plaintiffs") move for conditional collective action certification of their Equal Pay Act claim against Defendant Speedway LLC ("Defendant" or "Speedway").

2. The Equal Pay Act ("EPA"), an amendment to the FLSA, provides as follows:

   **No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions**, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: *Provided*, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee

29 U.S.C. § 206(d)(1) (emphasis added).

3. Plaintiffs, are women, who worked as General Managers for Speedway during

the relevant time period. Plaintiffs allege and intend to prove that they were paid less than men in the same positions performing the same work which requires equal skill, effort, and responsibility and which are performed under similar working conditions. Complaint, Dkt. No. 1 at ¶¶ 39, 40-46, 50.

4. Pursuant to 29 U.S.C. § 216(b), Plaintiffs' seek to conditionally certify the following collective action class definition:

> **All female General Managers at Defendant Speedway LLC's and other similarly situated current and former employees holding comparable positions but different titles at Speedway's locations nationwide at any time from the three years prior to the filing of Plaintiffs' Complaint, February 12, 2017 to the present.**

5. For the reasons stated in Plaintiff's Memorandum in Support of Motion for Notice to Conditional Collective Action and its supporting materials, Plaintiffs respectfully submit to the Court that the standards of 29 U.S.C. § 216(b) are satisfied and that the court should conditionally certify a collective action as described paragraph 4, *supra*.

6. That the court appoint Derrek William Cummings, Esquire of Weisberg Cummings P.C. and Marc S. Hepworth, Charles Gershbaum, David A. Roth and Rebecca S. Predovan, Esquires, of Hepworth Gershbaum & Roth, PLLC as class counsel.

7. In addition, Plaintiffs respectfully request that the Court cause notice to issue in the form and method proposed by Plaintiffs (*see* Ex. K) to all members of the collective as described in paragraph 4, *supra*. To effectuate notice to the collective, Plaintiffs respectfully request that the Court order Speedway to provide Plaintiffs' counsel a computer readable file (*e.g.*, an Excel spreadsheet) with the name, mailing address, phone number, dates of employment, store(s) location, Social Security Number, and employee ID number for each such worker, and to conspicuously post the notice in each store. Plaintiffs respectfully request that

the Court order that the requested information be provided by Speedway to Plaintiffs' counsel within fourteen (14) days of the Court's Order granting conditional certification.

8. Plaintiffs move for a period of ninety (90) days during which putative collective members may post-mark their consent forms, or one hundred and twenty days (120) if said notice is returned undeliverable and must be remailed, with ninety (90) days to commence when the notice is mailed to the putative collective members, as well as such further and additional relief as the Court may deem just and proper.

Dated: July 1, 2021                                   Respectfully submitted,

                                                **HEPWORTH GERSHBAUM & ROTH, PLLC**

                                                By: */s/ Rebecca S. Predovan*
                                                Rebecca S. Predovan*
                                                Marc S. Hepworth*
                                                Charles Gershbaum*
                                                David A. Roth*
                                                192 Lexington Avenue, Suite 802
                                                New York, NY 10016
                                                Telephone: (212)545-1199
                                                Facsimile: (212) 532-3801
                                                mhepworth@hgrlawyers.com
                                                cgershbaum@hgrlawyers.com
                                                droth@hgrlawyers.com
                                                rpredovan@hgrlawyers.com

                                                By: */s/ Larry A. Weisberg*
                                                Larry A. Weisberg
                                                Derrek William Cummings
                                                **WEISBERG CUMMINGS P.C.**
                                                2704 Commerce Dr., Suite B
                                                Harrisburg, PA 17110
                                                (717) 238-5707
                                                *admitted *Pro hac vice*

                                                **ATTORNEYS FOR PLAINTIFFS**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NANCY DE BLOCK, individually and on behalf of a collective of others similarly-situated,<br><br>       Plaintiffs,<br><br>    -against-<br><br>SPEEDWAY LLC,<br><br>       Defendant. | Case No.: 2:20-cv-00824-GAM<br>(JUDGE MCHUGH)<br>[ELECTRONICALLY FILED] |

**CERTIFICATE OF NON-CONCURRENCE**

  Pursuant to Local Rule 7.1, I hereby certify that I contacted Defendant's counsel on or about May 7, 2020 and during the 26(f) conference in this action, Defendant's counsel declined to consent to the relief sought in this Motion.

Dated: July 1, 2021      By: */s/ Rebecca S. Predovan*
                  Rebecca S. Predovan

## CERTIFICATE OF SERVICE

I hereby certify that on this July 1, 2021, a copy of the foregoing Motion for Notice to Collective Action was filed using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

Margaret C. O'Neill, Esquire
moneill@shb.com

**SHOOK, HARDY & BACON L.L.P.**
2001 Market Street
Suite 3000
Philadelphia, PA 19103

William C. Martucci, Esquire
wmartucci@shb.com

Kristen A. Page, Esquire
kpage@shb.com

**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108

*Counsel for Defendant*

                                            By: */s/ Larry A. Weisberg*
                                               Larry A. Weisberg