### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NANCY DE BLOCK** | : | |
| *INDIVIDUALLY AND ON BEHALF OF* | : | |
| *A COLLECTIVE OF OTHERS* | : | |
| *SIMILARLY-SITUATED* | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-824** |
| | : | |
| **SPEEDWAY LLC** | : | |

### ORDER

This 10th day of June, 2022, upon consideration of Plaintiff's Unopposed Motion to

Approve Collective Action Settlement and Attorneys' Fees, ECF 76, and supporting documents,

ECF 77, the Court having concluded that the settlement represents a fair and reasonable

resolution of a bona fide dispute[1] it is hereby **ORDERED** as follows:

1.  The Parties' Settlement Agreement, ECF 77-2, and all terms set forth therein are

    **APPROVED**.  The Settlement Administrator is authorized to send the notice and issue

    payments pursuant to the terms of the Settlement Agreement. Plaintiffs' Counsel and

    Defendant are directed to continue their cooperation to effectuate the settlement defined

    by the Settlement Agreement.

2.  The service award to Named Plaintiff Nancy De Block in the amount $10,000.00 is

    approved.

---

[1] The Equal Pay Act's prohibition on gender-based wage discrimination is enforced through the FLSA's collective action mechanism. See 29 U.S.C. § 206(d)(3); 29 U.S.C. § 216(b).  The standard for approval of an FLSA settlement followed in this District is whether it represents  a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *In re Chickie's & Pete's Wage & Hour Litig.,* 2014 WL 911718, at *2 (E.D. Pa. Mar. 7, 2014) (applying *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1354 (11th Cir. 1982)).

3.  Plaintiffs' Counsel's requests for attorneys' fees, and reimbursement of litigation and settlement administration expenses, as provided for in the Settlement Agreement, are approved.

4.  This action is hereby **DISMISSED** with prejudice in its entirety against Defendant, and without attorneys' fees or costs to any party except as provided in this Final Order and Judgment and in the Settlement Agreement. The release of claims provided for in the Settlement Agreement is binding only as to claimants who return a Claim Form and thereby "opt-in" to the settlement.

5.  This Final Order and Judgment is "final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

6.  The Court retains jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement.

7.  The Parties shall abide by the Settlement Agreement, the terms of which are hereby incorporated within this Order.

/s/ Gerald Austin McHugh
United States District Judge